Eastern District of Kentucky
**F I L E D**

JUN 13 2022

AT PIKEVILLE
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION NO. 7:22-CR-02-REW

UNITED STATES OF AMERICA                                          PLAINTIFF

V.                              **PLEA AGREEMENT**

DAVON J. BLACKFORD                                                DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count One of the Indictment, which charges a violation of 21 U.S.C. § 846, conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count Five of the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will not bring additional charges against the Defendant based upon evidence in its possession at the time of the execution of this Agreement and arising out of the Defendant's conduct within the Eastern District of Kentucky, unless the Defendant breaches this Agreement.

2. The essential elements of Count One are:

   (a) Two or more persons conspired, or agreed, to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance;

   (b) The Defendant knowingly and voluntarily joined that conspiracy; and

DJB  JLC

    (c) That the amount of a mixture or substance containing a detectable amount of methamphetamine that was attributable to the Defendant as a result of Defendant's own conduct and the conduct of other co-conspirators reasonably foreseeable to the Defendant was at least 500 grams.

3. As to Count One, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) Between on or about a day in March 2021, and continuing through on or about December 3, 2021, in Johnson County, within the Eastern District of Kentucky and elsewhere, the Defendant conspired and agreed with others to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

    (b) Specifically, the Defendant worked together with an associate to regularly deliver pound-level quantities of methamphetamine to a drug dealer in Johnson County, Kentucky. Over the course of this relationship, the Defendant delivered more than 500 grams of methamphetamine to the Johnson County drug dealer. While the Defendant was on his way to make one of these methamphetamine deliveries with his associate, law enforcement located and sized 355 grams of the Defendant's actual methamphetamine.

    (c) Before March of 2021, the Defendant had a final conviction for a serious violent felony, namely, a conviction under Kentucky Revised Statute § 513.030 (robbery second degree in Jefferson Circuit Court Case Number 04-CR-002709). For this offense, the Defendant served a term of imprisonment of more than 12 months.

4. The statutory punishment for Count One is imprisonment for not less than 15 years and not more than life, a fine of not more than $20,000,000, and a term of supervised release of at least 10 years. The Defendant has one prior serious violent felony conviction as set forth in the notice filed by the United States pursuant to 21 U.S.C. § 851, and



therefore the Defendant is subject to the above enhanced statutory punishment. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk as directed by the Court.

5. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

(a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range.

(b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes at least 30,000 kilograms and but less than 90,000 kilograms of converted drug weight (including actual methamphetamine, a methamphetamine mixture, and fentanyl), which corresponds to a base offense level of 36.

(c) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

6. No agreement exists regarding the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

3 

8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant reserves the right to appeal the sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

9. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an Indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

10. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

11. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

12. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

DJB

JLC

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 6/13/22      By: *[signature]*
                       Andrew H. Trimble
                       Assistant United States Attorney

Date: 5/31/22          *[signature]*
                       Davon J. Blackford
                       Defendant

Date: 5-31-22          *[signature]*
                       Jeremy L. Clark
                       Attorney for Defendant

5

DJB