UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CRIMINAL ACTION:  22-CR-0002-REW

UNITED STATES OF AMERICA                           PLAINTIFF

VS.

DAVON BLACKFORD                                   DEFENDANT

### SENTENCING MEMORANDUM

Comes the Defendant, Davon Blackford, by and through the undersigned counsel, and hereby submits the following Sentencing Memorandum.  As everyone is well aware, the sentencing factors are set forth under 18 USC Section 3553(a).

1. **The nature and circumstances of the offense and the history and characteristics of the Defendant.**  In reviewing the Presentence Investigative Report, the Defendant's **criminal history score is (14)** and he is criminal history Category VI.

   The Defendant's personal history and physical condition is fully and adequately addressed in the presentence report.  Mr. Blackford has a significant history of substance abuse and requests he be recommended to the RDAP program while serving any sentence regarding this matter to assist him in having a successful life upon completion of his sentence.

2. **The Court must impose a sentence sufficient, but not greater than necessary, to comply with the purpose sentencing set forth in 18 USC Section 3553(a)(2).**  Obviously, Mr. Blackford made a number of bad decisions and mistakes in his life that led to him receiving a

number of criminal charges.  The charges in this matter are serious.  The statutory minimum is 15 years.

The defendant accepted his criminal responsibility for his actions in this matter.  In reality the Defendant acknowledging his historical conduct resulted in him receiving a much higher quantity of controlled substance than he would have received in this matter.  As a result, the Defendant believes a variance below the guideline range in the plea agreement provides a sentence that is sufficient but not greater than necessary to comply with the factors the Court is to consider.

3.      **The need for the sentence to deter, protect, and rehabilitate.**  In this particular case, the need to rehabilitate and deter Mr. Blackford from being involved in activity of this nature again will be met by a sentence below the guideline range.  Mr. Blackford saved the United States valuable resources and expenses by accepting responsibility for his actions in this matter.

The deterrence anticipated would be met by imposing a sentence below the guideline range.  Even if the Court gave Mr. Blackford a sentence to the statutory minimum of 15 years it would be a significant term of incarceration.  The Defendant is not requesting the statutory minimum sentence but is requesting a variance from the Guideline range stated in the plea agreement.  Mr. Blackford also requests he receive a recommendation for the RDAP program to further assist him in maintaining his sobriety once he completes his sentence that will also serve to protect the public and rehabilitate Mr. Blackford.

4.      **The seriousness of the offense, the need to promote respect for the law, and to provide just punishment.**  Undoubtedly, any criminal offense is serous in and of itself.  The

Defendant acknowledges this is a serious offense. As stated previously, Mr. Blackford has taken responsibility and saved valuable resources and time of the federal government. He acknowledges his conduct and his full acknowledgement resulted in his guideline range being two points higher than it would have been had he not done so. This is a substantial change in the guideline calculations as a result. The need to promote respect for the law and provide just punishment would be met by giving the Defendant a sentence below the guideline range.

5.      **To protect the public from further crimes of the Defendant.** The Defendant will be incarcerated for a minimum of 15 years per the statute. The Defendant is not requesting the Court to sentence him to the mandatory minimum but believes a sentence below the guideline range is needed given the historical quantities attributed to the Defendant for his acceptance of responsibility. This would still be is a substantial sentence that would protect the public from further crimes for a significant period of time. Additionally, his participation in RDAP would protect the public from further crimes upon his release.

6.      **Presentence Report Objection that impacts the guideline range.** The PSR contains a two-point enhancement that was not contained in the plea agreement. The Defendant disputes the factual statements asserted in the Lexington Police Department reports. The room where the firearm was located was not the room of either of the Defendant's in this matter. It was the room of Aristotle White. Attached as Exhibit 1 is an email chain from undersigned counsel with the Clarion Hotel wherein I requested the room information for Clarion Hotel room 564 on June 23, 2021. This is the hotel referenced in the police report utilized to add the enhancement for the specific room number on the date of the incident. It evidences the individuals name who leased the room was Aristotle White as stated above.

The police report relied upon by probation and parole does not discuss this fact. The police report does not indicate they observed Davon Blackford enter or leave the room at any time. The report states upon a search of the room, the gun was in the drawer between the two beds in the room(Aristotle White's room). There is no mention of any investigation as to whose room it was or whether that individual was at the scene. At the time of the search, there was very little drugs and no cash in the room. The police report states Davon Blackford had the cash and substances on his person at the time in the parking lot at the time. Additional substances were allegedly found in a vehicle in the parking lot upon search by law enforcement, not the hotel room. Logic would suggest that if he had a room a short distance away, he would not have been carrying such large quantities of drugs or cash on his person or have it in a vehicle as alleged.

Additionally, if the firearm was being used in connection by Davon Blackford for protection, he would have had it on him with the drugs and money as alleged by law enforcement in the police report. Or even in the vehicle where police allegedly found an additional quantity of drugs. The firearm was in a room that was not his, located in a closed drawer that was not his, and not located with the alleged quantity of drugs and cash he had on his person. Clearly, it was not used in connection with the alleged drug activity of Mr. Blackford. As a result, he should not receive the two-point enhancement recommended by probation and parole.

Wherefore, the Defendant Davon Blackford, prays the Court when considering all the aforementioned factors, sentence him to below the guideline range set forth in the plea agreement.

Respectfully submitted,

/s/ Jeremy L. Clark
_____
Jeremy L. Clark
Attorney for Davon Blackford
P.O. Box 532
Catlettsburg, KY 41129
(606) 739-6774
Fax (606) 739-9125

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the foregoing Motion was electronically mailed to all appropriate parties on said date.

/s/ Jeremy L. Clark
_____
Jeremy L. Clark